IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CRISI D. HADLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-03312-CV-S-LMC |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Crisi D. Hadley's Application for Leave to File Action Without Payment of Fees, With Affidavit of Financial Status in Support. (Doc. #1.) Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement or prosecution of any suit without prepayment of fees upon the filing of an affidavit stating that the applicant is unable to pay the costs of the lawsuit. The trial court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915(a)(1). *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

A party need not be absolutely destitute to enjoy the benefits of this statue. A plaintiff makes a sufficient showing of poverty if the affidavit in support of the application to proceed without prepayment of fees shows that the applicant would be forced to give up the basic necessities of life for the applicant and any dependents if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85 (1948); *See* Local Rule 83.7(c) (in determining whether to permit an applicant to proceed *in forma pauperis*, the Court

looks to whether the applicant would have to "give up the basic necessities of life" in order to pay the filing fee.)

Plaintiff's affidavit of poverty is incomplete and does not provide adequate information. First, Plaintiff fails to state the amount of her monthly mortgage payment. Second, Plaintiff indicates that she and her husband support her adult son and his fiancé but does not state the reason for doing so nor the amount of support per month given to her son and his fiancé. Third, Plaintiff indicates that she and her husband received annuity payments and unemployment payments, but the amount received is either not provided or lacks clarity as to the time frame and amount Plaintiff is currently required to payback. Finally, the Court is unable to decipher the last item on other debts found on page 5 of the Application and clarification is needed on that item. Based on these insufficiencies, it is impossible for the Court to determine Plaintiff's ability to pay the normal costs of initiating a civil lawsuit. Accordingly, it is

ORDERED that Plaintiff shall file a supplemental Affidavit of Financial Status containing all pertinent information within thirty (30) days from the date of this Order. Failure to supplement the record may result in the Court denying Plaintiff's request to proceed *in forma pauperis*.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE